NVB 4001 (Rev. 12/15)

# * * § 362 INFORMATION SHEET * *

KONA GOLD, LLC　　　　　　　17-50562-BTB
DEBTOR　　　　　　　　　　　　BK-　　　　　　　　　MOTION #:
WOODBURN & WEDGE　　　　　CHAPTER: 11
MOVANT

### Certification of Attempt to Resolve the Matter Without Court Action:
*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*
Date: 08/24/2017　　　　　　　Signature: /s/ Seth J. Adams, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Movant

PROPERTY INVOLVED IN THIS MOTION: Confession of Judgment
NOTICE SERVED ON: Debtor(s) ____ ; Debtor's counsel ✓ ; Trustee ____ ;
DATE OF SERVICE: 08/24/2017

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st  N/A Confession of Judgment | 1st |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note: | · |
| Interest Rate: | · |
| Duration: | · |
| Payment per Month: | · |
| Date of Default: | · |
| Amount in Arrears: | · |
| Date of Notice of Default: | · |
| SPECIAL CIRCUMSTANCES: Seeking relief to pursue non-debtor, co-obligor on Confession | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: Seth J. Adams, Esq.  /s/ Seth J. Adams, Esq. | SUBMITTED BY: SIGNATURE: |

DANE W. ANDERSON, ESQ.
**Nevada Bar No. 6883**
SETH J. ADAMS, ESQ.
**Nevada Bar No. 11034**
WOODBURN AND WEDGE
Sierra Plaza
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Telephone: 775-688-3000
Fax: 775-688-3018
sadams@woodburnandwedge.com

Attorneys for Creditor,
WOODBURN AND WEDGE

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * *

In re:

KONA GOLD, LLC,

    Debtor.
_____/

Case No. 17-50562-BTB
Chapter 11

**WOODBURN AND WEDGE'S MOTION FOR RELIEF TO PURSUE CO-OBLIGOR STEVE DAVIS**

Hearing Date: October 3, 2017
Hearing Time: 10:00 a.m.
Est. Time    : 5 minutes
Set By       : Self Calendaring

    COMES NOW, Woodburn and Wedge, (hereafter "Woodburn"), a creditor in the above captioned case, by and through its counsel Dane W. Anderson, Esq. and Seth J. Adams, Esq., hereby moves this Court for an order vacating the automatic stay provisions of 11 U.S.C. § 362(a) in order to pursue certain remedies under State Law and under a Confession of Judgment ("Confession") executed by the Debtor and by Steve Davis ("Davis") a co-obligor who is not a debtor in the instant case  so that Woodburn may proceed with its remedies under the Confession.

This Motion is brought pursuant to the provisions of *11 U.S.C. § 362(d)(1)* (for cause), *FRBP §4001(a) and FRBP §9014*, and is supported by the following Points and Authorities immediately hereafter.

DATED this 24th day of August, 2017.

WOODBURN and WEDGE

By _____
DANE W. ANDERSON, ESQ.
SETH J. ADAMS, ESQ.
Attorneys for Woodburn and Wedge

## POINTS AND AUTHORITIES

### I
### INTRODUCTION

1. In or about November, 2013, the Debtor and Davis engaged Woodburn to perform legal services on their behalves.

2. Woodburn performed substantial legal services on behalf of the Debtor and Davis, including the defense and prosecution of various litigation matters.

3. Because Woodburn had not received payment for these legal services, it entered into the Confession with the Debtor and Davis who agreed to the entry of judgment against them, jointly and severally, in favor of Woodburn in the principal amount of $40,000.00. A copy of the Confession is attached hereto as **Exhibit "1"**.

4. Woodburn has not received payment pursuant to the Confession nor has it received payment on services provided after the Confession was executed until Kona Gold, LLC filed bankruptcy on May 4, 2017.

5. Woodburn seeks an order from this Court vacating the automatic stay to the extent necessary for Woodburn to be able to pursue its contractual and State Law remedies against Davis.

## II
## ARGUMENT IN SUPPORT OF RELIEF

6. Cause exists to terminate the automatic stay for cause under 11 U.S.C. § 362(d)(1).

7. Section *362(d)(1)* of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

8. Neither "Cause" nor "Good Cause" are defined terms within the Bankruptcy Code. However Courts have used a multitude of factors in determining whether cause existed to lift the automatic stay and have evaluated whether such cause existed on a case-by-case basis. *In re Robbins, 964 F.2d 342 (4th Cir. 1992).*

10. Cause to terminate the stay in this case exists since Woodburn seeks relief to pursue Davis, who is not a debtor in this case and whom is obligated, pursuant to the Confession, jointly and severally to Woodburn.

11. Woodburn now seeks to vacate the automatic stay to the extent necessary to permit Woodburn to proceed as against Davis pursuant to the Confession and seeks an order from this Court confirming that Woodburn's pursuit as against the non-bankrupt co-obligor Davis, while possibly resulting in the liquidation of the claim as against the Debtor should Woodburn satisfy the amounts due and owing under the Confession, will not directly involve the administration of the Debtor's case nor interfere with assets of the Bankruptcy Estate.

12. Furthermore, the automatic stay provisions of 11 USC § 362 do not apply as to the non-bankrupt, co-defendant/co-guarantor Steve Davis. However, to the extent that the relief afforded to Woodburn by this stipulation, and any collection against Davis on the Confession, may have the practical effect of liquidating the claim as against the

Debtor, this limited relief from the automatic stay is being sought out of an abundance of caution.

13. If Woodburn obtains a full or partial satisfaction of the Confession, it will file an amended proof of claim in this case, but it may not pursue judgment execution efforts against the Debtor without a further order of this Court, provided, however, if this case is dismissed without the Debtor receiving a discharge, Woodburn may then pursue judgment execution efforts against the Debtor as allowed by law.

14. Given the foregoing, cause exists, pursuant to *11 U.S.C. § 362(d)(1) & (2) as well as 11 U.S.C. § 1301(c)(2)*, to grant Woodburn relief from the automatic stay so that it may exercise its rights under the Confession and applicable State law. A proposed order is attached hereto as **Exhibit "2"**.

### III
### CONCLUSION

For the reasons set forth above, Woodburn respectfully requests that this Court vacate the automatic stay provisions of 11 U.S.C. § 362(d) to permit Woodburn to proceed with its remedies under State Law.

### LOCAL RULE 4001(a)(2) STATEMENT

In accordance with Local Rule 4001(a)(2), I sent an email on August 14, 2017 to Debtor's counsel apprising him of Woodburn's intent to seek relief from the automatic stay. On August 21, 2017, I was informed that the Debtor did not oppose such.

DATED this 24th day of August, 2017.

WOODBURN and WEDGE

By _____
DANE W. ANDERSON, ESQ.
SETH J. ADAMS, ESQ.

## CERTIFICATE OF SERVICE

I certify that I am an employee of the law firm of Woodburn and Wedge, and that on the 24 day of August, 2017, I caused the foregoing document to be delivered to the parties entitled to notice in this action by:

_____ placing a true copy thereof in a sealed, stamped envelope with the United States Postal Service at Reno, Nevada

_____ personal delivery

_____ email

\_\_\_\_✓\_\_\_\_ electronic filing

_____ Federal Express or other overnight delivery

as follows:

J. Craig Demetras
230 E. Liberty St.
Reno, NV 89501
jcd@demetraslaw.com

John White
335 First St.
Reno, NV 89503
john@whitelawchartered.com

Kern & Associates, LTD
5421 Kietzke Lane, Ste. 200
Reno, NV 89511
gaylekern@kernltd.com



WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

5

# EXHIBIT 1

**$1455**
Dane W. Anderson
Nevada Bar No. 6883
Shay L. Wells
Nevada Bar No. 12130
WOODBURN AND WEDGE
6100 Neil, Road, Suite 500
Post Office Box 2311
Reno, Nevada 89511
Telephone: (775) 688-3000

*Attorney for Plaintiff*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| WOODBURN AND WEDGE, CHARTERED, a Nevada professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KONA GOLD, LLC, a Nevada limited liability company; and STEVE DAVIS, an individual,<br><br>Defendants._____ / | Case No.:<br><br>Dept. No.: |

### JUDGMENT BY CONFESSION

Defendants KONA GOLD, LLC, a Nevada limited liability company ("Kona Gold") and STEVE DAVIS ("Davis"), an individual residing in Washoe County, Nevada, hereby confess judgment in favor of Woodburn and Wedge, a Nevada professional corporation ("Woodburn"), pursuant to NRS 17.090 and NRS 17.100 as follows:

1.  Kona Gold and Davis hereby expressly authorize the entry of judgment against them, jointly and severally, and in favor of Woodburn in the principal amount of $40,000.00, plus post-judgment interest at the statutory legal rate from the date of filing of this confessed judgment until paid in full.

2. Kona Gold and Davis confirm and swear that the above sum to which they confess is justly due Woodburn, based on the following facts:

    a. In or about November 2013, Kona Gold and Davis engaged Woodburn to perform legal services on their behalves.

    b. Woodburn has performed substantial legal services on behalf of Kona Gold and Davis, including the defense and prosecution of various litigation matters.

    c. The value of such services performed with respect to Kona Gold and Davis is $40,000.00.

    d. Woodburn has not been paid for those services and it entitled to payment from Kona Gold and Davis, jointly and severally, in the amount of $40,000.00.

3. The Confessing Defendants declare under penalty of perjury of the laws of the State of Nevada that the foregoing is true and correct.

Executed on this 3/ day of July, 2015.

KONA GOLD, LLC

By: *[signature]* Steve Davis
Its: Manager

Executed on this 3/ day of July, 2015

*[signature]*
STEVE DAVIS

\*\*\*

**Affirmation pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

DATED this _____ day of _____ 2015.

Submitted by:
WOODBURN AND WEDGE

By _____
    Dane W. Anderson, Esq.
    Nevada Bar No. 6883
    Attorneys for Plaintiff

2

# EXHIBIT 2

DANE W. ANDERSON, ESQ.
**Nevada Bar No. 6883**
SETH J. ADAMS, ESQ.
**Nevada Bar No. 11034**
WOODBURN AND WEDGE
Sierra Plaza
6100 Neil Road, Ste. 500
Reno, Nevada  89511
Telephone:  775-688-3000
Fax:  775-688-3018
sadams@woodburnandwedge.com

Attorneys for Creditor,
WOODBURN AND WEDGE

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re: | Case No.  17-50562-BTB |
| | Chapter 11 |
| KONA GOLD, LLC, | |
| | **ORDER GRANTING WOODBURN AND** |
| Debtor. | **WEDGE'S MOTION FOR RELIEF TO** |
| | **PURSUE CO-OBLIGOR STEVE DAVIS** |
| | |
| | Hearing Date:  October 3, 2017 |
| | Hearing Time:  10:00 a.m. |
| _____/ | |

This matter came before the Court on October 3, 2017, on Motion for Relief from

the Automatic Stay filed herein on August 24, 2017, by Woodburn and Wedge ("Woodburn"); it appearing from the record that notice of the Motion has been given as required by law; no opposition to the Motion was filed by or on behalf of the Debtor of the Trustee; good cause appearing,

**IT IS HEREBY ORDERED** that:

A.  The automatic stay provisions of 11 USC § 362 are hereby vacated insofar as they related to Woodburn based upon its claims against the Co-Obligor of a certain Confession of Judgment in favor of Woodburn.

B.  If Woodburn obtains a full or partial satisfaction of the Confession, it will file an amended proof of claim in this case, but it may not pursue judgment execution efforts against the Debtor without a further order of this Court, provided, however, if this case is dismissed without the Debtor receiving a discharge, Woodburn may then pursue judgment execution efforts against the Debtor as allowed by law.

Prepared and Submitted By:

Dane W. Anderson, Esq.
Seth J. Adams, Esq.
Woodburn and Wedge
P.O. Box 2311
Reno, NV  89505
danderson@woodburnandwedge.com
sadams@woodburnandwedge.com

###