John White, Esq.                                                October 2, 2017
Bar Number 1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com
Counsel to Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

IN RE:

KONA GOLD, LLC

Debtor.

Case No: BK-N-17-50562-btb
Chapter 11

**COMMITTEE'S OBJECTION TO MOTION FOR EXTENSION OF DEBTOR'S EXCLUSIVE TIME PERIODS TO FILE AND OBTAIN CONFIRMATION OF ITS PLAN OF REORGANIZATION**

Hearing Date: October 16, 2017
Hearing Time: 2:00 p.m.

COMES NOW THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS ("Committee"), by and through its counsel, White Law Chartered, who objects to Debtor's motion to extend exclusivity for the reason that the Debtor has no operating revenues, has not supplied the Committee with requested financial records, has shown no reasonable prospect for filing a viable plan and therefore extending exclusivity will not facilitate progress toward a fair and equitable resolution of the case.

In support of this Opposition the Committee relies upon the Declaration of Richard LaPrairie, the Committee's chairman, filed separately herewith, the below Points and authorities, and the files and records in this case.

| | | |
|---|---|---|
| 1 | Dated this 2nd day of October, 2017. | Submitted by: |
| 2 | | WHITE LAW CHARTERED |
| 3 | | |
| 4 | | _____/s/ John White_____<br>John White, Esq. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**POINTS AND AUTHORITIES**

**FACTS** Debtor is a Nevada LLC. Page 10 of its Schedules (Doc 10) show assets of $876,700 of which $500,000 is real property (mining claims) and $376,700 personal property. The Schedules show $2,758,773.70 in debt, of which $2,316,221 is secured by real property, $69,585 is priority unsecured and $372, 967.70 is general unsecured debt.

Paragraph 4 of Debtor's Motion contends that it needs additional time to secure funding and prepare information needed for a plan. This request rings hollow under the facts of this case.

Debtor has had no operating revenues since this Case was filed[1] . Debtor had no gross revenues for the two years preceding its Chapter 11 filing[2]. The Motion is not supported by facts which show a reasonable prospect for filing a viable plan. The Debtor has not supplied the Committee with information which is needed to assess assets and liabilities or whether reorganization is feasible. See Exhibit 1 to the DECLARATION OF RICHARD LAPRAIRIE, PE IN SUPPORT OF COMMITTEE'S OBJECTION TO MOTION FOR EXTENSION OF DEBTOR'S EXCLUSIVE TIME PERIODS TO FILE AND OBTAIN CONFIRMATION OF ITS PLAN OF REORGANIZATION ("LaPrairie Declaration"), filed separately herewith. The Committee's chairman, Richard LaPrairie, a licensed Nevada professional engineer, is familiar with the Debtor's operations, or more accurately, the lack thereof. He does not think Debtor has any prospects for filing a viable plan at this time. See the LaPrairie Declaration.

Other facts are contained in the LaPrairie Declaration.

**ARGUMENT** The Ninth Circuit BAP has listed the standards to be used in determining 11 USC § 1121(d) motions:

> A variety of matters probative of § 1121(d) "cause" are standardly con-

---

[1] See the Monthly Operating Reports on file herein. The Case was filed May 4, 2017.

[2] See Statement of Financial Affairs, Doc 10, page 14 of 31.

sidered. In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr.E.D.Mich.1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr.E.D.Tex.1996).

> The bankruptcy judge in this instance considered the matters listed in the Dow Corning and Express One decisions, when he found § 1121(d) "cause." He saw the situation as: (1) a first extension; (2) in a complicated case; (3) that had not been pending for a long time, relative to its size and complexity; (4) in which the debtor did not appear to be proceeding in bad faith; (5) had improved operating revenues so that it was paying current expenses; (6) had shown a reasonable prospect for filing a viable plan; (7) was making satisfactory progress negotiating with key creditors; (8) did not appear to be seeking an extension of exclusivity to pressure creditors; and (9) was not depriving the Committee of material or relevant information. While we think it a close case, we agree with the bankruptcy court that this situation adds up to § 1121(d) "cause" for the initial extension of exclusivity.

*Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002), cited with approval by *In re Kilroy*, No. 2:15-bk-15708-RK, 2016 Bankr. LEXIS 3958 (U.S. Bankr. C.D. Cal. Nov. 14, 2016) and *Ahern Rentals, Inc. v. Goldman Sachs Palmetto State Credit Fund, L.P. (In re Ahern Rentals, Inc.)*, No. 3:12-CV-0676-LRH-VPC, 2013 U.S. Dist. LEXIS 9665 (D. Nev. Jan. 23, 2013).

At page 453, the BAP in *Henry Mayo* noted as follows:

> The key question to us, then, is whether the first extension of exclusivity functioned to facilitate movement towards a fair and equitable resolution of the case, taking into account all the divergent interests involved.

The "cause" issue is not within the discretion of the Court[3].

---

[3] At page 452, the *Henry Mayo* Court made clear that it is bound by the bankruptcy Court's fact finding, but that it was otherwise free to substitute its judgment for that of the bankruptcy Court as to the "cause" for extending exclusivity.

Debtor has had no income for at least the last 3 years. And Debtor has shown no reasonable prospect for filing a viable plan. Unless Debtor shows at the hearing on this Motion that it is making reasonable progress towards obtaining necessary operating capital, or otherwise reveals some avenue towards a reorganization or asset sale, the Motion should be denied.

Though the Committee now knows of no person other than Debtor who is currently planning to file a Disclosure Statement and Plan, denial of Debtor's motion to extend exclusivity would open the door to that possibility. As set forth in the LaPrairie Declaration, the Committee is considering filing a Plan but needs additional financial information from Debtor before deciding whether to do so.

Dated this 2nd day of October, 2017.   Submitted by:

WHITE LAW CHARTERED

　　　　/s/John White　　　　
John White, Esq.

# CERTIFICATE OF SERVICE

On October 2nd, 2017 I served a true and correct copy of the COMMITTEE'S OBJECTION TO MOTION FOR EXTENSION OF DEBTOR'S EXCLUSIVE TIME PERIODS TO FILE AND OBTAIN CONFIRMATION OF ITS PLAN OF REORGANIZATION by United States mail, first class postage fully prepaid to the persons as listed below:

U.S. Trustee-RN-11
300 Booth Street, STE 3009
Reno, NV 89509-1362

J Craig Demetras
230 E. Liberty St
Reno, NV 89501-2211

Kona Gold
316 California Avenue #94
Reno, NV 89501

Seth J. Adams
Woodburn & Wedge
PO Box 2311
Reno, NV 89505

Jin De Land
901 Corporate Center Drive #500
Monterey Park, CA 91754-7666

Karen M. Ayarbe,
Kern and Associates, Ltd.
5421 Kietzke Lane, Suite 200
Reno, NV 89511

Official Committee of Unsecured Creditors
1595 Ashbury Lane
Reno, NV 89523

Sally Targosh
Kozak Lusiani Law, LLC
3100 Mill St, Ste 115
Reno, NV 89502

James L. Morgan
4600 Kietzke Lane, Ste K228
Reno, NV 89502

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on October 2nd, 2017.

/s/Vonda Fischer
Vonda Fischer