John White, Esq.  E-filed December 7, 2017
Bar Number 1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com
Counsel to Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

IN RE:

KONA GOLD, LLC

Debtor.

Case No: BK-N-17-50562-btb
Chapter 11

**COMMITTEE'S RESPONSE TO MOTION TO DISMISS CASE**
Hearing Date: December 21, 2017
Hearing Time: 9:30 a.m.

COMES NOW THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS ("Committee"), by and through its counsel, White Law Chartered, who requests additional time to respond to the US Trustee's Motion to Dismiss Case. As is more specifically set forth in the Declaration of Richard LaPrairie, filed separately herewith, it is not clear to the Committee at this time whether a dismissal or conversion to Chapter 7 would be in the best interests of creditors. The best interest of creditors may well be served by a liquidating Plan and Disclosure Statement, either by a Chapter 11 Trustee or this Committee. However, at this time, the Committee has not discovered assets that would be necessary to fund further reorganization efforts.

Therefore, the Committee requests that the final hearing of US Trustee's Motion be continued for at least 30 and preferably 60 days, to give the Committee sufficient time to make a firm recommendation to this Court concerning whether the Case should be dismissed, converted, or have a Chapter 11 Trustee appointed.

1

1 | In support of this Response, the Committee relies upon the Declaration of Richard LaPrairie, the Committee's chairman, filed separately herewith, the below Points and authorities, and the files and records in this case.

Dated this 6th day of December, 2017.    Submitted by:

WHITE LAW CHARTERED

   /s/ John White
John White, Esq.

**POINTS AND AUTHORITIES**

The Declaration of Richard LaPrairie, Chairman of the Unsecured Creditor's Committee, filed separately herewith shows facts which may lead to assets which could be used to pay the significant creditors in this case.

The claims register shows $1,067,166.46 total claims, of which $351,284.44 are secured and $551,540.05 are priority. In addition, Schedule D in this chapter 11 case shows another $2,000,000 or so in unsecured claims, being Debtor's obligation to Jin de Land.

11 USC § 1112(b) provides, in pertinent part:

> 1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

The decision to dismiss or convert, or appoint a Chapter 11 Trustee is obviously fact dependent.

The hearing on the US Trustee's Motion to Dismiss is now set for December 21, 2017 at 9:30 a.m.

L.R. 9014(a) provides in pertinent part:

> (6) The judge may deem the first date set for the hearing to be a status and scheduling hearing if the judge determines that further evidence must be taken to resolve a material factual dispute or additional briefing is warranted. Live testimony will not be presented at the first date set for hearing, unless for good cause found by the court in advance of the hearing or otherwise so ordered. The judge may order a further hearing at which

3

oral evidence and exhibits will be received, or may, as appropriate, order that all evidence be presented by affidavit or declaration.

The Declaration of the Committee's chairman, Richard LaPrairie, filed separately herewith, clearly shows that further evidence must be taken to determine whether the Case should be dismissed, converted, or whether a Chapter 11 Trustee should be appointed.

Consent of the Movant is apparently necessary for the extension here requested. See 11 U.S.C. § 1112(b)(3). In the event such consent is not forthcoming, the Committee recommends that the US Trustee's motion be denied, without prejudice.

Dated this 7th day of December, 2017.      Submitted by:

WHITE LAW CHARTERED

/s/ John White
John White, Esq.

# CERTIFICATE OF SERVICE

On the date first set forth below, I served a true and correct copy of the COMMITTEE'S RESPONSE TO MOTION TO DISMISS CASE by United States mail, first class postage fully prepaid to the persons as listed below:

U.S. Trustee-RN-11
300 Booth Street, STE 3009
Reno, NV 89509-1362

J Craig Demetras
230 E. Liberty St
Reno, NV 89501-2211

Kona Gold
316 California Avenue #94
Reno, NV 89501

Seth J. Adams
Woodburn & Wedge
PO Box 2311
Reno, NV 89505

Jin De Land
901 Corporate Center Drive #500
Monterey Park, CA 91754-7666

Karen M. Ayarbe,
Kern and Associates, Ltd.
5421 Kietzke Lane, Suite 200
Reno, NV 89511

Official Committee of Unsecured Creditors
1595 Ashbury Lane
Reno, NV 89523

Sally Targosh
Kozak Lusiani Law, LLC
3100 Mill St, Ste 115
Reno, NV 89502

James L. Morgan
4600 Kietzke Lane, Ste K228
Reno, NV 89502

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on December 7, 2017        /s/Vonda Fischer
                                  Vonda Fischer